UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WILLIAM B. HENDRICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 3:09-CV-47 |
| | ) | (VARLAN/GUYTON) |
| THE CITY OF MARYVILLE, TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court on defendant The City of Maryville, Tennessee's ("Maryville's") Motion for Summary Judgment [Doc. 5]. Plaintiff William B. Hendricks has filed no response to the motion, and the time for doing so has now passed. The motion for summary judgment is now ripe for the Court's consideration.

**I.     Background**

Mr. Hendricks filed a Complaint [Doc. 1] against Maryville on February 6, 2009. In his complaint, Mr. Hendricks alleges that, on the evening of February 7, 2008, he was employed as a private security guard on the campus of Pellissippi State Community College [*Id.*, ¶ 3]. He further alleges that, on that occasion, he observed two suspicious persons on campus property, approached them, and requested that they produce identification [*Id.*]. Mr. Hendricks avers that these persons refused to provide proper identification, instead telling him that they were on "police business" [*Id.*, ¶ 4]. Mr. Hendricks alleges that he continued to request that these persons produce proper identification [*Id.*]. He further alleges that these

persons attacked him, and threw him to the pavement in a "violent and forceful manner" [*Id.*, ¶ 5]. Mr. Hendricks claims that he sustained a painful, serious, and permanent injury to his knee as a result of this attack [*Id.*].

Mr. Hendricks further alleges that he "subsequently learned that the individuals who attacked him were employees, agents and/or servants of the City of Maryville, to wit, the Maryville Police Department" [*Id.*, ¶ 7]. Mr. Hendricks did not identify these individuals by name in his complaint [*Id.*]. He alleges that Maryville "failed to adequately and properly train their officers and agents in the proper use of force," and that this failure "demonstrates a deliberate indifference toward the welfare of" Mr. Hendricks [*Id.*]. Mr. Hendricks sets forth these claims as grounds for violations of his constitutional rights under 42 U.S.C. §§ 1983, 1985, and 1988 [*Id.*, ¶ 1].

In response to these allegations, Maryville filed a motion for summary judgment [Doc. 5], and a Memorandum of Facts and Law [Doc. 8]. Maryville argues that, at all times and locations identified in the complaint, the only person present with any ties to Maryville was Officer Thomas C. Simpson [*Id.*]. Maryville explains that, on the evening in question, Officer Simpson was working for the Fifth Judicial Drug Task Force (the "Drug Task Force") [*Id.*]. In excusing itself from liability for Officer Simpson's alleged conduct that evening, Maryville points to Tennessee Code Annotated § 8-7-110(c), which provides that:

> [I]f a claim or suit should be filed against an individual and it is proven that:
>
> (1) At the time of the alleged incident the individual was a member of [a judicial district task force relating to the investigation and prosecution

of alleged drug violations] who was properly certified to the board of claims pursuant to [Tennessee Code Annotated] § 8-42-101(3)(C); and

(2) The alleged liability arose out of the individual's activities as a task force member;

then it shall be conclusively deemed that the individual was not an employee, agent or servant of a local government but was a volunteer to the state.

Tennessee Code Annotated § 8-42-101(3)(C), referenced above, provides that:

"State employee" . . . also includes, as a volunteer, a person designated by the district attorney general of each judicial district as a member of a judicial district task force relating to the investigation and prosecution of drug cases.

In addition to its motion for summary judgment, Maryville submitted a letter dated July 5, 2005 from Mike Flynn, District Attorney General for the Fifth Judicial District, requesting that Officer Simpson be added to the Drug Task Force effective immediately [Doc. 7-1]. Maryville also submitted the affidavit of Tony Crisp, the Chief of Police for Maryville, acknowledging that Officer Simpson was designated as an agent of the Drug Task Force from July 7, 2005 to date [Doc. 6]. Finally, Maryville submitted the affidavit of Monica Fuqua, the Senior Claims Examiner with the Tennessee Department of Treasury Division of Claims Administration, whose duties include maintaining a roster for the Drug Task Force [Doc. 7]. Ms. Fuqua averred that Officer Simpson was designated as an agent for the Drug Task Force, and was properly certified as an agent to the Board of Claims pursuant to Tennessee Code Annotated § 8-42-101(3)(C) [*Id.*].

Maryville contends that, because Officer Simpson was working for the Drug Task Force on the evening in question, he was considered a "volunteer" for the State of Tennessee,

3

and not a Maryville employee, under Tennessee Code Annotated § 8-7-110(c) [Doc. 8]. Maryville argues further that, as a result, Maryville cannot be held vicariously or directly liable for any wrong allegedly committed by Officer Simpson that evening [*Id.*].

On August 14, 2009, the parties appeared for a hearing before the Honorable W. Dale Young in the Circuit Court for Blount County, Tennessee [Doc. 9-1]. Maryville advanced the same argument before Judge Young as it advances in the instant motion for summary judgment [*see id.*]. Judge Young granted summary judgment for Maryville from the bench [*Id.*]. Judge Young issued a written Order [*Id.*] on August 21, 2009, concluding that "the [m]otion for [s]ummary [j]udgment should be granted and that the action against the City of Maryville, Tennessee should be dismissed with full prejudice."

The Court has carefully considered the pending motion, memorandum in support, supplement, and the state court judgment in light of the applicable law. For the reasons set forth below, Maryville's motion will be granted.

**II.   Analysis**

The Court resolves this case under the doctrine of res judicata. Under the doctrine, "a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." *Brookins v. Gen. Motors Corp.*, 843 F.2d 879, 880 (6th Cir. 1987). It is settled that "'a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" *Id.* (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). To prevail under the doctrine of res judicata in

4

Tennessee, a party must demonstrate that "(1) the judgment in the prior case was final and concluded the rights of the party against whom the defense [of res judicata] is asserted," and that "(2) both cases involve the same parties, the same cause of action, or identical issues." *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995).[1] Both conditions are met in this case.

First, the state court judgment in this case was "final," and concluded the rights of Mr. Hendricks. "In Tennessee, a judgment is final 'when it decides and disposes of the *whole* merits of the case leaving nothing for the further judgment of the court.'" *Id.* at 460 (quoting *Saunders v. Metro. Gov't of Nashville & Davidson County*, 383 S.W.2d 28, 31 (Tenn. 1964)). In his order granting summary judgment for Maryville, Judge Young dismissed Mr. Hendricks's action "with full prejudice," emphatically disposing of the case and leaving nothing for further judgment of the court. This constitutes a "final judgment" for the purposes of res judicata in Tennessee.

Second, the state court judgment involved the same parties, the same cause of action, and identical issues as those in the matter presently before this Court. As in the instant action, the state court judgment involved only Mr. Hendricks and Maryville [*see* Doc. 9-1]. Similarly, the state court judgment involved only the §§ 1983, 1985, and 1988 causes of

---

[1]The court in *Richardson* distinguished res judicata, which "'bars a second suit between the same parties . . . on the same cause of action with respect to all issues which were or could have been litigated in the former suit,'" from collateral estoppel, which "'bar[s] a second suit between the same parties . . . on a different cause of action only as to the issues which were actually litigated and determined in the former suit.'" *Richardson*, 913 S.W.2d at 459 (quoting *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989)). Tennessee requires that a party defending on either basis satisfy the two factors set forth *supra*, *see Richardson*, 913 S.W.2d at 459.

5

action [*see id.*]. And the state court judgment involved the same set of underlying facts as in the instant action [*see id.*]. The state court judgment thus satisfies the "identity" factor under the doctrine of res judicata in Tennessee.

The doctrine of res judicata bars this Court from further consideration of Mr. Hendricks's claims, which were fully litigated and disposed of by the state court. Accordingly, Maryville's motion for summary judgment will be granted.[2]

### III. Conclusion

For the reasons above, Maryville's Motion for Summary Judgment by Defendant City of Maryville, Tennessee [Doc. 5] will be **GRANTED**. This case is hereby **DISMISSED**.

An order reflecting this opinion will be entered.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Maryville did not explicitly raise the defense of res judicata in its motion for summary judgment, in its memorandum in support of that motion, or in its supplement to that motion [*see* Docs. 5, 8, 9]. Instead, Maryville simply incorporated the state court judgment into its motion for summary judgment by reference [Doc. 9]. Nevertheless, for the reasons outlined *supra*, this Court finds that res judicata bars this Court from further consideration of Mr. Hendricks's claims.